UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:08-cv-00171-MMH-SPC

**CORKSCREW MINING VENTURES, LTD.,**

      **Plaintiff,**

vs.

**PREFERRED UNLIMITED OF CORKSCREW HOLDING COMPANY, LLC and PREFERRED UNLIMITED, INC.,**

      **Defendants.**

## DEFENDANTS' RESPONSE TO COURT'S ORDER CONCERNING JURISDICTION

Defendants, PREFERRED UNLIMITED OF CORKSCREW HOLDING COMPANY, LLC and PREFERRED UNLIMITED, INC., respond to the Court's Order of April 3, 2008 concerning jurisdiction and respectfully suggest that this case be remanded to State Court for further proceedings upon the following grounds:

1. On February 29, 2008, Defendants filed a Notice of Removal of this action from the Circuit Court of the 20th Judicial Circuit, in and for Collier County, Florida. Defendants stated that this Court has diversity jurisdiction because the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states. Specifically, Defendants stated that Plaintiff, CORKSCREW MINING VENTURES, LTD. is a Florida limited partnership with its principal office in Collier County, Florida; that Defendant, PREFERRED UNLIMITED, INC., is a Delaware corporation with its principal place of business

in Pennsylvania; and that  Defendant, PREFERRED UNLIMITED OF CORKSCREW HOLDING COMPANY, LLC (the "LLC"), is a limited liability company under Delaware law and has its principal place of business in Pennsylvania.

2. No motion for remand was filed by the Plaintiff. The Court however, *sua sponte*, entered the April 3 Order indicating that the allegations in the Notice of Removal were inadequate and that a further inquiry was needed to determine the composition of the Plaintiff as well as the LLC to determine if there was jurisdiction. The Court afforded Defendants until April 17, 2008 to provide sufficient information to determine whether there is complete diversity jurisdiction.

3. Since the Court entered its Order, Defendants have diligently and expeditiously undertaken an investigation into the membership of the LLC and requested information from the Plaintiff regarding its limited partners[1]. The LLC is comprised of various individuals, several limited partnerships, one limited liability company, a corporation, and a general partnership. The individual members, the general partners of the limited partnerships, the member of the limited liability company, and the general partners of the general partnership are not citizens of Florida[2]. There is, however, at least one limited partner member of the LLC that has limited partners (either individuals who are limited partners or another limited liability company or trust that are

---

[1] The general partner of the Plaintiff is Corkscrew Mining & Evacuation, Inc., a Florida corporation with its principal place of business in Florida.

[2] Although the Plaintiff is a member of the LLC and Plaintiff is a citizen of Florida, that does not destroy diversity. In light of the allegations in this action, Plaintiff's only interests are in bringing claims, not defending them. As recognized in *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) the court should "look beyond the pleadings and arrange the parties according to their sides in the dispute. . . . Whether the necessary collision of interests exists is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute."  Accordingly, diversity jurisdiction would exist even though Plaintiff is a member of the Defendant LLC.

limited partners) with a Florida address.  It is not clear whether those individuals, the limited liability company or trust are "citizens" of Florida.

    4.    Defendants do not believe that seeking further time from the Court to continue the investigation into the composition of the various members of the LLC is warranted.  Accordingly, Defendants respectfully suggest that this matter be remanded to State Court for further proceedings.

    5.    In accordance with Local Rule 3.01(g), the undersigned counsel has conferred with counsel for Plaintiff and can advise the Court that Plaintiff does not oppose having this matter remanded to the State Court for further proceedings.

    Respectfully submitted,

**Of Counsel:**

Matthew A. Taylor (motion *pro hac vice* to be filed)
MATaylor@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  215.979.1000
Facsimile:  215.979.1020

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone:  305.960.2200
Facsimile:  305.960.2201

   /s/ Harvey W. Gurland, Jr., P.A.
Harvey W. Gurland, Jr., P.A.
Florida Bar No.:  284033
HWGurland@duanemorris.com
Trial Counsel for Defendants,
*Preferred Unlimited of Corkscrew Holding Company, LLC and Preferred Unlimited, Inc.*
Warren D. Zaffuto, Esq.
Florida Bar No.:  0743461
WDZaffuto@duanemorris.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of April, 2008, the foregoing was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

CASE NO. 2:08-cv-00171-MMH-SPC

to the following:  **Christopher T. Vernon, Esq. and Susan R. Healy, Esq.**, Vernon Healy, 3080 Tamiami Trail East, Naples, Florida 34112.

        /s/ Harvey W. Gurland, Jr.
Harvey W. Gurland, Jr.

DM1\1322975.1